UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>CHRISTOPHER KEELING,<br><br>Defendant. | Case No. 4:15-cr-00160-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Defendant Christopher Keeling's Motion for Post-Conviction Relief. Dkt. 286. The Government has filed an opposition to Keeling's Motion. Dkt. 289. Keeling has not filed a reply and the matter is ripe for the Court's consideration.[1]

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

///

---

[1] On December 13, 2023, Keeling filed a Motion for Extension of Time (Dkt. 290) to file a reply after the fourteen (14) day deadline for the reply lapsed. *See* Dist. Idaho Loc. Civ. R. 7.1(b)(2). On January 18, 2023, Keeling filed another Motion for Extension of Time. Dkt. 292. Keeling's reasoning is that he had not received a copy of the government's response. Dkt. 290, at 1; Dkt. 292, at 1. The Court finds it unnecessary for Keeling to file a reply as it would not change the Court's reasoning in any substantial manner. Keeling set forth his arguments adequately in his opening brief.

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

On February 7, 2017, the Court sentenced Christopher Keeling to 168 months incarceration for conspiracy to distribute 50 grams or more of actual methamphetamine, and 120 months incarceration for the unlawful possession of a firearm, with both sentences to run concurrently. Dkts. 191, 192. In October of 2019, the Court then reduced Keeling's sentence for the conspiracy to distribute methamphetamine from 168 months to 140 months. Dkt. 268. Currently, Keeling is incarcerated at Federal Correctional Institute (FCI) Englewood in Littleton, Colorado.

Keeling filed a Motion for Compassionate Release with the Court on June 18, 2020. Dkt. 270. The Court denied the motion on October 26, 2020. Dkt. 276.

On August 25, 2022, Keeling filed his Motion for Post-Conviction Relief asking the Court to remove a previously administered Guidelines' enhancement for being a leader or organizer in criminal activity. Dkt. 286. The Government responded by asking the Court to deny the motion. Dkt. 289.

## III. LEGAL STANDARD

Keeling seeks post-conviction relief under the First Step Act's ("FSA") newly amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.[2] In order to grant post-conviction relief, a district court must, as a

---

[2] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant post-conviction relief only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[3] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

**A. Exhaustion of Administrative Remedies**

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020) (quoting *Brown v. United States,* 411 F.Supp.3d 446, 452 (S.D. Iowa 2019)).

---

[3] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.")).

As the Court stated before when ruling on Keeling's Motion for Compassionate Release, Keeling has still not provided sufficient proof illustrating that he has exhausted all available administrative remedies as to the issue he grieves before the Court. Dkt. 276 at 3-4. Thus, Keeling has failed to show that he has exhausted all administrative remedies.

**B. Extraordinary and Compelling Reasons**

Even if Keeling had exhausted his administrative remedies, he would not be entitled to relief because he has not presented "extraordinary and compelling reasons" warranting a permanent reduction in his sentence and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Keeling bears the burden of establishing that compelling and extraordinary reasons exist to justify post-conviction relief. *United States v. Holden*, 3:13-cr-0044-BR, 2020 WL 1673440, at 3 (D. Or. Apr. 6, 2020).

Keeling makes a wide range of statements on why post-conviction relief should be granted and why he does not have counsel helping him in this matter. The Court largely finds these reasons and statement unpersuasive.

First, Keeling asks the Court to appoint him new counsel. Dkt. 286 at 1. The Court notes there is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). The decision whether to appoint counsel in post-conviction proceedings (including requests for compassionate release) rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). In this case, the Court has reviewed the materials and does not

find any circumstances warranting the appointment of Counsel. Accordingly, the Court DENIES Keeling's request to appoint counsel.

Second, Keeling alleges that the Court misapplied the seven sentencing factors when applying a leadership enhancement at sentencing. Dkt. 286 at 2. He references to cases in the Fourth and Ninth Circuits that support his argument, but offers no citations backing up these claims. It should also be noted that Fourth Circuit cases are *persuasive*, but not *binding* on the Court. Keeling may be referring to the sentencing factors in 18 U.S.C. § 3553(a) when he contends "the PSI writer and the courts are supposed to use 7 factors when applying leadership enhancements", but until the first two requirements under 18 U.S.C. § 3582(c)(1)(A) are met, the Court need not address those factors. Dkt. 286 at 2.

Third, Keeling asks the Court to review the statements made by co-defendants which, according to him, will make it clear that Keeling was not a leader in the conspiracy. Dkt. 286 at 2. He argues the Court made a mistake by assigning him the leadership enhancement. *Id*. The Court does not find this persuasive when Keeling has already pleaded to distributing methamphetamine to various co-defendants. Dkt. 101, at 2–3. "The defendant assisted in this conspiracy by providing methamphetamine to various co-defendants who subsequently distributed it to the informant and undercover officer during this period. The defendant joined the conspiracy knowing of its illegal objects and intending to help accomplish them." *Id*.

Finally, Keeling states that because the Court did not explain the leadership role enhancement during sentencing, and failed to use the factors under 18 U.S.C. § 3553(a) to determine if the leadership enhancement was appropriate, it must reverse course and

MEMORANDUM DECISION AND ORDER - 5

remove the enhancement. Dkt. 286, at 2-4. Again, Keeling has already plead guilty to disturbing methamphetamine to co-defendants to further the conspiracy. In addition, the Court has already significantly reduced Keeling's sentence by 28 months from 168 months to 140 months. Dkt. 268. Based on the statements and reasons provided by Keeling in his motion, the Court finds no reason to reduce his sentence further.

## V. CONCLUSION

Keeling has failed to prove that he has exhausted his administrative remedies. Even assuming arguendo that he had, he has failed to provide extraordinary or compelling reasons for post-conviction relief. He has also not proved he needs the assistance of Counsel. Accordingly, the Court DENIES Keeling's Motion for Post-Conviction Relief. 18 U.S.C. § 3582(C)(1)(A).[4]

///

## VI. ORDER

The Court HEREBY ORDERS:

1. Keeling's Motion for Post-Conviction Relief (Dkt. 286) is DENIED.

2. Keeling's Motions for Extension of Time (Dkts. 290, 292) are DENIED.

3. Keeling's Motion for a Copy of the Docket sheet (Dkt. 291) is GRANTED. The Clerk of the Court already fulfilled this request.

---

[4] In light of this holding, the Court does not consider the 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A).

4. Keeling's Motion to Seal (Dkt. 293) is GRANTED. The Clerk of the Court shall seal the Government's response at Dkt. 289.

DATED: January 25, 2023

David C. Nye
Chief U.S. District Court Judge