UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER KEELING,<br><br>    Defendant. | Case No. 1:15-cr-00160-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are Defendant Christopher Keeling's Motion for Discovery (Dkt. 297) and Motion to Appoint Counsel (Dkt. 298). The government elected not to respond to either motion and the matters are now ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES both Motions.

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

On February 7, 2017, the Court sentenced Keeling to 168 months incarceration for conspiracy to distribute 50 grams or more of actual methamphetamine, and 120 months incarceration for the unlawful possession of a firearm, with both sentences to run concurrently. Dkts. 191, 192. On motion by the Government (Dkt. 265), the Court reduced Keeling's sentence for the conspiracy to distribute methamphetamine from 168 months to 140 months in October 2018. Dkt. 268.

Keeling filed a Motion for Compassionate Release with the Court on June 18, 2020 (Dkt. 270), which the Court denied (Dkt. 276). On August 25, 2022, Keeling filed a Motion for Post-Conviction Relief asking the Court to remove a previously administered Guidelines' enhancement for being a leader or organizer in criminal activity. Dkt. 286. On December 13, 2022, Keeling filed a Motion for Extension of Time. Dkt. 290. On January 18, 2023, Keeling filed an additional Motion for Extension of Time (Dkt. 292), a Motion for a Copy of the Docket Sheet (Dkt. 291), and a Motion to Seal (Dkt. 293). On January 25, 2023, the Court denied Keeling's Motion for Post-Conviction Relief, denied both motions for extension, and granted the motions for a copy of the docket sheet and to seal. Dkt. 294. Shortly thereafter, Keeling filed a Motion Request for Documents (Dkt. 295), which the Court denied as moot (Dkt. 296).

Keeling filed the instant Motion for Discovery on October 11, 2023. Dkt. 297. Also before the Court is Keeling's December 22, 2023 Motion to Appoint Counsel, requesting legal assistance to petition the Court for a sentence reduction under recent changes to the Sentencing Guidelines. Dkt. 298.

## III. ANALYSIS

### A. Motion for Discovery

In a letter filed with the Court, Keeling indicates he is requesting a full copy of his discovery be printed and sent to him under the Freedom of Information Act ("FOIA"). Dkt. 297. FOIA, 5 U.S.C. § 522, generally applies to agencies in the Executive Branch of the United States, but does not apply to the federal courts. *See Warth v. Department of Justice*, 595 F.2d 521, 522 (9th Cir. 1979) (the "definition of the term agency expressly exempts the courts of the United States from [FOIA's] operation." (cleaned up)). Therefore, "the provisions of FOIA impose no obligation on the courts to produce any records in their possession." *Id.* The Court is not bound to produce the discovery Keeling requests. Furthermore, the Court does not have the requested information in its possession—the Court has access only to what has been filed; any discovery or other additional documents remain with the parties and their counsel (or, in Keeling's case, former counsel).

In his Motion, Keeling makes the conclusory assertion that he "cannot get this discovery from [his] former attorney." Dkt 297. But Keeling provides no details regarding what, if any, attempts he has made to obtain any documents from his former attorney, let alone any evidence that those efforts have been refused. His Motion provides no indication that he has attempted to contact his former attorney or otherwise obtain the information he seeks. Keeling should seek the requested discovery through his former attorney before petitioning the Court to compel its disclosure. Accordingly, the Court DENIES Keeling's Motion for Discovery.

### B. Motion to Appoint Counsel

In this Motion, Keeling indicates that he plans to file a motion[2] based on recent amendments to the Sentencing Guidelines, and that he would like the Court to provide him with an attorney so he can do so. Dkt. 298.

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). In this case, the Court has reviewed the materials and does not find any circumstances warranting the appointment of Counsel. Accordingly, the Court DENIES Keeling's request to appoint counsel.[3]

### IV. CONCLUSION

The Court is not bound by FOIA to provide Keeling with the requested discovery, nor does the Court have access to it. Accordingly, the Court DENIES Keeling's Motion for Discovery. It also DENIES his Motion for Appointment of Counsel, finding no

---

[2] Keeling does not specifically identify his planned motion as a Motion to Reduce Sentence. However, he does indicate it is his understanding that "the law has changed for adding 2 points for people" in his situation who committed the underlying offense while on supervised release. Dkt. 298. Although Keeling does not cite to a specific applicable law or guideline, the Court assumes the change he is referring to is Sentencing Guideline Amendment 821, which went into effect on November 1, 2023. Because, if applicable, the guideline change *could* provide a basis for a sentence reduction, the Court assumes a motion to do so is the motion Keeling is referring to (and requesting an attorney to file).

[3] To be clear, the Court is not suggesting Keeling cannot file his intended motion. Nothing in the Court's decision should be understood to bar Keeling from filing an 821 motion if he feels so inclined. However, for the reasons stated herein, he is not entitled to the assistance of counsel in drafting that motion.

MEMORANDUM DECISION AND ORDER - 4

circumstances warranting such an appointment.

## V. ORDER

The Court HEREBY ORDERS:

1. Keeling's Motion for Discovery (Dkt. 297) is DENIED.

2. Keeling's Motion to Appoint Counsel (Dkt. 298) is DENIED.

DATED: February 20, 2024

David C. Nye
Chief U.S. District Court Judge